ANTOON, C.J.
John Willis appeals the sentences imposed upon his convictions for felony driving under the influence, driving while license suspended or revoked, and battery on a law enforcement officer.[1] The trial court sentenced Mr. Willis to three concurrent terms of six years’ imprisonment. With regard to the issue of credit for time served, the assistant state attorney advised the trial court that at the time of his arrest in the instant case separate charges were pending against Mr. Willis in an unrelated case. The assistant state attorney further advised the court that the arrest in the instant case operated to revoke Mr. Willis’ bond in the other case, and that Mr. Willis had been sentenced to a term of ten years’ imprisonment on the unrelated charge. Based upon this information, the trial court refused to grant Mr. Willis’ credit for time served awaiting sentencing in the instant case, determining that credit for time served prior to sentencing in this case had been applied in the other unrelated ease. Mr. Willis contends that the trial court erred in so ruling, arguing that the trial court should have credited his sentence with, the time he spent in county jail following his arrest on these charges.
As Judge Altenbernd aptly noted in Garrett v. State, 693 So.2d 114 (Fla. 2d DCA 1997), a defendant “must receive credit for all time served in jail between the time he was arrested ... and when he was transferred to the Department of Corrections following sentencing.” Id. at 115. However, “[h]e is entitled to credit for this time on only one sentence.” Id. Thus, if, as the trial court apparently concluded, Mr. Willis has already received credit for his jail time on the ten-year sentence imposed in the unrelated case, then he is not entitled to receive a duplicate credit on the sentences imposed on the instant convictions. Unfortunately, the instant record is unclear on this issue. Accordingly, we affirm Mr. Willis’ judgments and sentences, but remand this matter to the trial court for clarification on the issue of whether Mr. Willis has been properly credited for the time he spent in the county jail following his arrest on these charges.
JUDGMENTS and SENTENCES AFFIRMED; CAUSE REMANDED FOR CLARIFICATION.
COBB and PETERSON, JJ., concur.

. §§ 316.193, 322.34, 784.07, Fla.Stat. (1.997).